[624 NYS2d 266]

In the Matter of FRANK SHEEHAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 27, 1995

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* and *Robert J. Saltzman* of counsel), for petitioner.

*Robert A. Ungar, P. C.,* Garden City *(Louis Gerstman* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent is charged with four allegations of professional misconduct. The Special Referee sustained all four charges. The petitioner moves to confirm the report of the Special Referee while the respondent cross-moves for an order confirming the Special Referee's report to the extent that the respondent has admitted all of the factual allegations of professional misconduct surrounding his conviction and to disaffirm to the extent that the Special Referee sustained an allegation that the professional misconduct adversely reflects on the respondent's fitness or ability to practice law, and that, in any case, in light of all the circumstances, any measure of discipline imposed be limited to a censure.

Charge One alleged that the respondent has been guilty of professional misconduct in that he was convicted of a serious crime. On or about June 22, 1993, the respondent entered a plea of guilty in McLean County, Illinois, to the charge of obstructing justice, a "Class 4" felony, under criminal docket No. 92-CF 407. On or about August 23, 1993, Judge Witte of the McLean County Circuit Court sentenced the respondent to a term of 24 months' probation and a fine of $500. By reason of the foregoing, the respondent is charged with violating Code of Professional Responsibility DR 1-102 (A) (3) (22 NYCRR 1200.3).

Charge Two alleged that, based on the aforesaid conviction, the respondent engaged in conduct adversely reflecting on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3).

Charge Three alleged that, based on the aforesaid conviction, the respondent engaged in conduct prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3).

Charge Four alleged that the respondent failed to file with the Appellate Division the record of his criminal conviction in Illinois in violation of Judiciary Law § 90 (4) (c).

Upon review of the evidence adduced, we find that all four charges were properly sustained. The petitioner's motion to confirm the report of the Special Referee is therefore granted

and the respondent's cross motion is granted solely to the extent that the respondent has admitted the material allegations of professional misconduct surrounding the conviction. The respondent's cross motion is otherwise denied.

In determining an appropriate measure of discipline to impose, we have considered the mitigation advanced by the respondent, including his expressed remorse and the personal problems he was experiencing. The respondent is, nevertheless, guilty of serious professional misconduct warranting his suspension from the practice of law for one year.

MANGANO, P. J., BRACKEN, SULLIVAN, ROSENBLATT and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted solely to the extent that the respondent has admitted the material allegations of professional misconduct sustaining his conviction; and it is further,

Ordered that the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Frank Sheehan, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Frank Sheehan, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.